_____

SO ORDERED,

*/s/ Edward Ellington*

**Judge Edward Ellington**
**United States Bankruptcy Judge**
**Date Signed: September 30, 2015**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | **CHAPTER 7** |
| **LADYE M. TOWNSEND,** | **CASE NO. 1100167EE** |
|    **DEBTOR** | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON**
***CREDITOR'S (VOGEL NEWSOME) MOTION FOR RELIEF FROM***
***ORDER/JUDGEMENT (sic)*; MOTION FOR RULE 11 SANCTIONS OF**
**AND AGAINST ROBERT REX McRANEY JR./McRANEY & McRANEY;**
**AND REQUEST TO BE ADVISED OF CONFLICT-OF-INTERESTS (DKT. #34)**

**FINDINGS OF FACT**[1]

On December 3, 2010, Vogel Newsome ("Newsome"), as a *pro se* Plaintiff, filed a Complaint in the United States District Court for the Southern District of Mississippi ("USDC"), Civil Action #3:10-cv-704-LG-JMR[2] (USDC Dkt. #1). Newsome named as defendants, the law firm

---

[1] These proposed findings of fact and conclusions of law constitute the Court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014(c). To the extent any of the following findings of fact are determined to be conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

[2] Originally, Case No. 3:10-cv-704-HTW-FKB.

of Mitchell McNutt & Sams, P.A., and certain attorneys and staff members of the firm. One of the named defendants was Ladye Margaret Townsend ("Townsend") who was a legal secretary with the firm.

On January 18, 2011, Townsend filed in this Court, a petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code. In "SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS" (Dkt. #3) (Schedule F), Townsend listed Newsome as one of her creditors. The address for Newsome in Schedule F was the same address of record used by Newsome when she filed her Complaint in USDC, specifically P. O. Box 14731, Cincinnati, Ohio 45250.

On January 19, 2011, the Clerk of the Bankruptcy Court issued a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" (Dkt. #7) (341 Notice). The 341 Notice was sent to all interested parties and creditors of Townsend, including Newsome at her address of record in Cincinnati, Ohio.[3] Among other things, the 341 Notice gave notice that the Meeting of Creditors would be held on February 25, 2011, at the U.S. Courthouse in Jackson, Mississippi, and that the deadline to object to Townsend's discharge or to challenge the dischargeability of a particular debt was April 26, 2011.

On February 9, 2011, Newsome filed a pleading entitled "*CREDITOR'S OPPOSITION/RESPONSE TO NOTICE OF CHAPTER 7 BANKRUPTCY CASE, MEETING OF CREDITORS, & DEADLINES; AND MOTION TO BE DISMISSED FROM ACTION*" (Dkt. #10) (footnote omitted) (Motion #10). The main thrust of the pleading is that Newsome alleges that this Court lacks jurisdiction over Newsome in the bankruptcy case because of Newsome's pending case

---

[3]*See* "Certificate of Service" (Dkt. #8).

in USDC.

On May 11, 2011, this Court entered the "Discharge of Debtor" (Dkt. #18) in which Townsend was granted a discharge under 11 U.S.C. § 727[4] of the Bankruptcy Code.

On May 26, 2011, Newsome filed a second pleading entitled "*CREDITOR VOGEL NEWSOME'S OPPOSITION/RESPONSE TO 5/11/11 DISCHARGE OF DEBTOR; REQUEST FOR FINDINGS OF FACT AND CONCLUSIN (sic) OF LAWS; AND VACATING OF DISCHARGE OF DEBTOR*" (Dkt. #20) (footnote omitted) (Motion #20). Again, Newsome challenges the jurisdiction of this Court with regard to her being included in the bankruptcy proceeding.

Newsome's exact status as a creditor in the bankruptcy case was dependent upon the determination of her USDC case. Therefore, no action was taken on her bankruptcy pleadings, Motion #10 and Motion #20, until the conclusion of the USDC case.

On October 23, 2013, Chief Judge Louis Guirola, Jr., of the USDC, issued a *Memorandum Opinion and Order Granting Defendants' Motion to Dismiss* (USDC Dkt. #32) in which Judge Guirola dismissed the Complaint filed by Newsome. On the same day, Judge Guirola issued a *Final Judgment* (USDC Dkt. #33) dismissing Newsome's USDC case.

On May 23, 2014, Townsend, by and through her attorney of record, Robert Rex McRaney, Jr., (McRaney) filed with this Court a *Motion to Dismiss Dockets #10 and 20* (Dkt. #29) (Townsend's Dismissal Motion). The Certificate of Service attached to Townsend's Dismissal Motion certifies that McRaney mailed Townsend's Dismissal Motion to Newsome at two addresses: P.O. Box 31265, Jackson, MS 39286, and P.O. Box 14731, Cincinnati, OH 45250.

---

[4] Hereinafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

In Townsend's Dismissal Motion, Townsend asserts that because Newsome's USDC Complaint was dismissed, Newsome was no longer a creditor of Townsend. Consequently, Townsend alleges that Newsome lacks standing in this Court.

On the same day, May 23, 2014, Townsend, by and through McRaney, filed a *Notice of Motion* (Dkt. #30) (Notice). Attached to the Notice is a copy of Townsend's Dismissal Motion. The Certificate of Service to the Notice certifies that McRaney mailed a copy of the Notice to Newsome at two separate addresses: P.O. Box 31265, Jackson, MS 39286, and P.O. Box 14731, Cincinnati, OH 45250. The address in Cincinnati, Ohio is the address of record Newsome provided when she filed the Complaint in USDC and is also the address of record Newsome listed on the pleadings filed in the Bankruptcy Case (*see* Motion #10 and Motion #20). Further, the address in Jackson, Mississippi, is the address Newsome had verbally given the Court during a May 14, 2014, pretrial conference in this case.

The Notice informed all parties that any objections to the Townsend's Dismissal Motion should be a written pleading and should be filed with the Court, within twenty-one (21) days of the date of the Notice. All parties were further notified that if no objection was timely filed, the Court may approve Townsend's Dismissal Motion. No objection was filed to Townsend's Dismissal Motion. Consequently, on June 27, 2014, this Court entered an *Order* (Dkt. #32) (Dismissal Order) granting Townsend's Dismissal Motion and dismissing Motion #10 and Motion #20 filed by Newsome.

On July 14, 2014, Newsome filed a motion entitled "*CREDITOR'S (VOGEL NEWSOME) MOTION FOR RELIEF FROM ORDER/JUDGEMENT (sic); MOTION FOR RULE 11 SANCTIONS OF AND AGAINST ROBERT REX McRANEY JR./McRANEY & McRANEY; AND REQUEST TO BE*

*ADVISED OF CONFLICT-OF-INTERESTS*" (Dkt. #34) (footnote omitted) (Newsome's Motion) seeking to set aside the Dismissal Order entered on June 27, 2014. In Newsome's Motion, she again raises her contention that this Court lacks jurisdiction to hear the matter. Newsome also seeks relief from the Dismissal Order pursuant to Rule 60 of the Federal Rules of Civil Procedure made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9024, and further asserts that she did not get notice of Townsend's Dismissal Motion.

Newsome's Motion was noticed for hearing on Wednesday, June 10, 2015, at 9:30 A.M. (Dkt. #35[5]). The hearing notice was sent to Newsome's address of record in Cincinnati, Ohio, which was also the address provided by Newsome in Newsome's Motion. Newsome did not appear at the June 10, 2015, hearing. Therefore, an *Order Dismissing Creditor's (Vogel Newsome) Motion for Relief from Order/Judgement (sic); Motion for Rule 11 Sanctions of and Against Robert Rex McRaney Jr/McRaney & McRaney; and Request to be Advised of Conflict-of-Interests* (Dkt. #38) was entered that day dismissing Newsome's Motion.

Seven days later, on June 17, 2015, Newsome filed with the Court a written notice of her change of address (Dkt. #40). Newsome states that her address of record was now: Post Office Box 31265, Jackson, Mississippi 39286.

On the same day, she filed a new pleading styled "CREDITOR'S (VOGEL NEWSOME) OBJECTIONS TO JUNE 10, 2015 ORDER DISMISSING CREDITOR'S (VOGEL NEWSOME) MOTION FOR RELIEF FROM ORDER/JUDGEMENT (sic); MOTION FOR RULE 11 SANCTIONS OF AND AGAINST ROBERT REX McRANEY JR/McRANEY & McRANEY; AND REQUEST TO BE ADVISED OF CONFLICT-OF-INTERESTS – MOTION FOR RECUSAL

---

[5]Certificate of Service Dkt. #36.

OF JUDGE EDWARD ELLINGTON" (Dkt. #41) (footnote omitted) (Second Motion) in which she once again challenges the jurisdiction of this Court to hear matters involving her in this bankruptcy case. Newsome asserts that she did not get notice of the hearing that was held on June 10, 2015, and included copies of a change of address which she had filed with the United States Postal Service. In her Second Motion, Newsome also sought recusal of this Judge.

In considering Newsome's Second Motion, the Court gave credence to Newsome's assertion that she did not get notice of the June 10, 2015, hearing. On June 18, 2015, the Court entered its *Order Granting in Part and Denying in Part Creditor's (Vogel Newsome) Objections to June 10, 2015 Order Dismissing Creditor's (Vogel Newsome) Motion for Relief from Order/Judgement (sic); Motion for Rule 11 Sanctions of and Against Robert Rex Mcraney Jr/McRaney & McRaney; and Request to be Advised of Conflict-of-Interests – Motion for Recusal of Judge Edward Ellington (Dkt. #41)* (Dkt. #42). In the June 18, 2015, Order, the Court ordered that in the interest of justice, that the order entered on June 10, 2015, dismissing Newsome's Motion should be set aside and that Newsome's Motion should be reset for hearing in open court by separate notice. The Court further ordered that Newsome's request seeking recusal of this Judge should be denied.

Newsome's Motion was initially reset for hearing on July 23, 2015. (Dkt. #44). However, on July 10, 2015, Newsome filed a pleading styled: "CREDITOR'S (VOGEL NEWSOME) NOTIFICATION OF CONFLICT REGARDING JULY 23, 2015 HEARING; REQUEST FOR RESETTING OF HEARING; REQUEST TO BE ADVISED OF CONFLICT-OF-INTERESTS; AND REITERATION FOR MOTION FOR RECUSAL OF JUDGE EDWARD ELLINGTON" (Dkt. #46) (footnote omitted). In her notice, Newsome states that she had a conflict with the hearing date of July 23, 2015, and she once again raised the issue of jurisdiction of this Court.

Per Newsome's request, the hearing on Newsome's Motion was reset to Friday, September 18, 2015, at 9:30 A.M. (Dkt. #50[6]).

On August 20, 2015, Newsome filed an additional pleading (Dkt. #52), which reiterated many of the issues that had been included in her previous pleadings. The issue of jurisdiction was raised once again and Newsome again sought the recusal of this Judge from this case.

On September 1, 2015, the Court entered an *Order Denying Motion for Recusal (Dkt. #52)* (Dkt. #53) in which the Court specifically finds no reasons for which this Judge should recuse himself. Therefore, the motion for recusal was denied.

Newsome's Motion was heard in open court on Friday, September 18, 2015, at 9:30 o'clock A.M. Newsome presented to the Court her arguments in support of her motion. On behalf of Townsend, McRaney presented his arguments in support of Townsend's position. During McRaney's presentation at the hearing, he introduced into evidence a certified copy of the *Final Judgment* (USDC Dkt. #33) entered in the USDC litigation on October 23, 2013, which rendered judgment in favor of Townsend and the other defendants and dismissed Newsome's USDC case.

At the conclusion of the hearing, the Court took the matter under advisement.

## CONCLUSIONS OF LAW

### I. Jurisdiction

As stated above, the Bankruptcy Code is found at Title 11 of the United States Code. However, the jurisdiction of this Court to hear proceedings in bankruptcy is provided by relevant portions of the following code sections:

---

[6]Certificate of Service Dkt. #51.

**28 U.S.C. § 1334. Bankruptcy cases and proceedings**

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

28 U.S.C. § 1334(a).

**28 U.S.C. § 157. Procedures**

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a).

On July 23, 1984, Walter L. Nixon, Jr., then the Chief Judge of the United States District Court for the Southern District of Mississippi, entered an Order that provided in relevant part as follows:

> Pursuant to 28 U.S.C. § 157, the District Court hereby ORDERS nunc pro tunc that any and all cases under Title 11 and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 be and hereby are referred to the Bankruptcy Judges for the Southern District of Mississippi for consideration and resolution consistent with the law.

*Nunc Pro Tunc Referral of Bankruptcy Matters to Bankruptcy Judges*, July 23, 1984, p. 1.

Based on the foregoing authorities, the Court finds that this Court has jurisdiction to hear all proceedings in bankruptcy cases. Consequently, the objections to jurisdiction filed by Newsome are not well founded.

## II. Lack of Standing

At the time Townsend filed her voluntary petition under Chapter 7 of the Bankruptcy Code on January 18, 2011, she was a named defendant in the pending lawsuit which Newsome had filed in the USDC. At that time, Newsome was asserting a claim against Townsend as defined by 11 U.S.C. § 101(5) and was a creditor of Townsend. However, when Newsome's claim against

Townsend was dismissed by the USDC on October 23, 2013, Newsome was no longer a creditor of Townsend.

The Court of Appeals for the Fifth Circuit was presented with a similar case in *Stanley v. Vahlsing (In re Vahlsing)*, 829 F.2d 565 (5th Cir. 1987). The *Vahlsing* case involved a family dispute between a brother and a sister. Mr. Vahlsing (Valhsing) filed a voluntary bankruptcy case under Chapter 7. He listed his sister, Alice Vahlsing Stanley (Stanley) as an unsecured creditor and described her claim as related to his management of their father's estate. Stanley filed an adversary complaint requesting a denial of Vahlsing's discharge. In order to allow Stanley to liquidate her claim, the bankruptcy court lifted the automatic stay to allow Stanley to pursue her claim in state court. Subsequently, the state court dismissed Stanley's claim against Vahlsing.

Ultimately, Stanley's adversary proceeding against Vahlsing reached the Fifth Circuit on the issue of whether Stanley had standing as a creditor. The Fifth Circuit held that:

> a party whose claim has been conclusively disproved cannot object to a debtor's discharge. Only those creditors who have claims that will be affected by the discharge can file objections. *In re Chandler*, 138 F. 637 (7th Cir. 1905). A discharge would affect the interests of creditors with disputed claims since they have a chance of prevailing on their claims. When, as in our case, however, a would-be creditor's only claim has been finally dismissed, a discharge will not even potentially affect her interests. Thus, Stanley is not a creditor. She has no standing under the Bankruptcy Code to continue to pursue her adversary proceeding opposing Vahlsing discharge.

*Stanley v. Vahlsing (In re Vahlsing),* 829 F.2d 565, 567 (5th Cir. 1987).

Like Stanley in the *Vahlsing* case, once the USDC dismissed Newsome's District Court Complaint, Newsome no longer had a claim against Townsend. Thus, Newsome was no longer a creditor of Townsend. Therefore, Newsome has no standing under the Bankruptcy Code to pursue any claim against Townsend or to participate further in Townsend's bankruptcy case.

## Conclusion

The Court has jurisdiction to hear all matters involving Townsend's bankruptcy case. Further, pursuant to Fifth Circuit precedent, Newsome lacks standing to pursue any claim against Townsend. Consequently, the Court finds that the Newsome's Motion filed July 14, 2014, styled "CREDITOR'S (VOGEL NEWSOME) MOTION FOR RELIEF FROM ORDER/JUDGEMENT (sic); MOTION FOR RULE 11 SANCTIONS OF AND AGAINST ROBERT REX MCRANEY JR./McRANEY & McRANEY; AND REQUEST TO BE ADVISED OF CONFLICT-OF-INTERESTS" (footnote omitted) (Dkt. #34) should be dismissed.

A separate judgment will be entered in accordance with Federal Rules of Bankruptcy Procedure 9014.

**## END OF OPINION ##**